IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LINDIE MINDEN,                                    Civ No. 07-1370-AA

        Plaintiff,                            OPINION AND ORDER

    v.

THE SALVATION ARMY, a foreign
corporation; and HOWARD WAYNE
COWAN, an individual,

        Defendants.
_____

Richard E. Slezak
Richard E. Slezak P.C.
P.O. Box 3903
Salem, OR  97309
    Attorney for plaintiff

Victor J. Kisch
Kurt Barker
Stoel Rives LLP
900 SW Fifth Ave, Suite 2600
Portland, OR 97402
    Attorneys for defendants

1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff filed suit against defendant The Salvation Army alleging claims of sexual harassment and hostile work environment under 42 U.S.C. § 2000e and state law claims of negligence. Plaintiff also alleges claims of intentional infliction of emotional distress and invasion of privacy against defendant Howard Cowan. Cowan moves for dismissal of plaintiff's invasion of privacy claim. The motion is granted.

## STANDARD

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1960 (2007). See also Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

## DISCUSSION

Defendant Howard moves to dismiss plaintiff's claim for invasion of privacy by intrusion on seclusion. "The tort of invasion of privacy, in general, protects the right of a plaintiff 'to be let alone.'" Mauri v. Smith, 324 Or. 476, 482, 929 P.2d 307 (1996). Further, Oregon recognizes "the invasion-of-privacy theory of intrusion upon seclusion." Id. To establish this claim,

2 - OPINION AND ORDER

plaintiff must prove three elements: "(1) an intentional intrusion, physical or otherwise, (2) upon the plaintiff's solitude or seclusion or private affairs or concerns, (3) which would be highly offensive to a reasonable person." Id. at 483, 929 P.2d 307.  To establish the second element, plaintiff must show that she had "an actual, subjective expectation of seclusion or solitude in the place, conversation, or matter," and that her expectation was objectively reasonable.  Med. Lab. Mgmt. Consultants v. Am. Broadcasting Cos., Inc., 306 F.3d 806, 812-13 (9th Cir. 2002).

    Here, plaintiff fails to allege an intrusion upon her solitude or seclusion.  Plaintiff relies on the numerous instances of unwelcome and offensive conduct by Cowan that allegedly took place at various locations in the workplace, including Cowan's office, her office while the door was open, the copy room, and the food pantry.  Although plaintiff certainly has an expectation to be free from sexual harassment at those locations, the workplace generally is not recognized as supporting an expectation of solitude or seclusion.  See O'Connor v. Ortega, 480 U.S. 709, 717 (1987) ("An office is seldom a private enclave free from entry by supervisors, other employees, and business and personal invitees.").  Further, the Ninth Circuit has held that an expectation of privacy is not reasonable in areas accessible to others. Craig v. M & O Agencies, Inc., 496 F.3d 1047, 1060-61 (9th Cir. 2007) (finding that the plaintiff had no reasonable expectation of privacy in the common

3 - OPINION AND ORDER

area of the women's restroom); <u>Med. Lab. Mgmt. Consultants</u>, 306 F.3d at 813-14.

Accordingly, I find that plaintiff could not have possessed an objectively reasonable expectation of solitude or seclusion the area of her workplace where Cowan allegedly harassed her, because those areas were open and accessible to others.

## CONCLUSION

Defendant Cowan's motion to dismiss (doc. 13) is GRANTED, and plaintiff's claim for invasion of privacy is DISMISSED.

IT IS SO ORDERED.

Dated this __19__ day of November, 2007.

_____       _____/s/ Ann Aiken_____
                            Ann Aiken
                    United States District Judge

4 - OPINION AND ORDER