FILED '08 JAN 30 12:19 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LINDIE MINDEN,

    Plaintiff,

v.

THE SALVATION ARMY, a foreign corporation; and HOWARD WAYNE COWAN, an individual,

    Defendants.

Civ No. 07-1370-AA

OPINION AND ORDER

---

Richard E. Slezak
Richard E. Slezak P.C.
P.O. Box 3903
Salem, OR  97309
    Attorney for plaintiff

Victor J. Kisch
Kurt Barker
Stoel Rives LLP
900 SW Fifth Ave, Suite 2600
Portland, OR 97402
    Attorneys for defendants

1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff filed suit alleging sexual harassment and hostile work environment under 42 U.S.C. § 2000e and state law claims of negligence, intentional infliction of emotional distress and invasion of privacy. Upon motion by defendant Cowan, I dismissed plaintiff's invasion of privacy claim for failure to state a claim. Plaintiff now moves to amend her complaint to replead her invasion of privacy claim. The motion is denied.

## DISCUSSION

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading "shall be given freely when justice so requires." However, plaintiff does not present a proposed amended complaint or seek to allege additional facts to support a claim for invasion of privacy by intrusion upon seclusion. Instead, plaintiff offers a new theory to support her claim under the facts alleged in her original complaint. Thus, plaintiff's motion is more appropriately considered as one for reconsideration.

In an Opinion and Order filed November 20, 2007, I dismissed plaintiff's claim for invasion of privacy based on intrusion upon seclusion, because plaintiff could not have possessed an objectively reasonable expectation of solitude or seclusion in the open and accessible areas of her workplace where she was allegedly harassed by defendant Cowan. Mauri v. Smith, 324 Or. 476, 482-83, 929 P.2d 307 (1996); see also O'Connor v. Ortega, 480 U.S. 709, 717

(1987); Craig v. M & O Agencies, Inc., 496 F.3d 1047, 1060-61 (9th Cir. 2007); Med. Lab. Mgmt. Consultants v. Am. Broadcasting Cos., Inc., 306 F.3d 806, 812-13 (9th Cir. 2002).

Plaintiff now argues that intrusion upon seclusion extends to her private affairs or concerns, and that defendant Cowan intruded on her private affairs when he questioned plaintiff about her sex life on one occasion in July 2006. See Complaint, p. 4.

However, plaintiff cites no Oregon law to support this theory. Instead, plaintiff cites an Alabama case where a male employer engaged in repeated and "intrusive interrogation" of a female employee regarding her sex life "two to three times a week." Phillips v. Smalley Maintenance Svcs., Inc., 435 S.2d 705, 707 (1983). Even if repeatedly questioning an employee about private affairs is actionable under tort law in Oregon, plaintiff does not allege such facts.

## CONCLUSION

Plaintiff's Motion to Amend (doc. 20) is DENIED.
IT IS SO ORDERED.

Dated this **29** day of January, 2008.

*Ann Aiken*
Ann Aiken
United States District Judge

3 - OPINION AND ORDER